## "EXHIBIT A"

## INDEX OF MATTERS BEING FILED

1) <u>ALL EXECUTED PROCESS</u>
   i. Citation and Affidavit of Service on Dollar General Corp.

2) <u>ALL PLEADINGS AND ANSWERS TO PLEADINGS</u>

   i. Plaintiff's Original Petition
   ii. Defendant's Original Answer

3) <u>ALL ORDERS SIGNED BY THE STATE JUDGE</u>

   Not applicable.

4) <u>THE DOCKET SHEET</u>

5) <u>LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE NUMBERS AND PARTIES REPRESENTED</u>

<u>ATTORNEY FOR PLAINTIFFS</u>

Ronald H. Hancock
TBN: 08888500
Herrman & Herrman, PLLC
1201 Third Street
Corpus Christi, Texas 78404
Phone: (361) 883-7705
Fax: (361) 883-7957
rhancock@herrmanandherrman.com

<u>ATTORNEY FOR DEFENDANT</u>
<u>DOLLAR GENERAL CORPORATION:</u>
Erik R. Wollam
Attorney-in-Charge
Texas Bar No.: 00788705
Federal ID: 17663
Lucero | Wollam, P.L.L.C.
159 Flat Rock
Wimberley, Texas 78676
Telephone: (512) 485-3500
Facsimile: (512) 485-3501
Email: ewollam@lucerowollam.com

5

8/11/21

| CLERK OF THE COURT | ATTORNEY REQUESTING ISSUANCE |
|---|---|
| Kim Plummer | Ronald T. Hancock |
| 115 N. Bridge, Room 330 | The Herrman Building |
| Victoria, Texas 77901 | 1201 Third Street |
| | Corpus Christi, Texas 78404 |

# THE STATE OF TEXAS
# CITATION

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at texaslawhelp.org.

**TO: DOLLAR GENERAL CORP., MAY BE SERVED BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218,**

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 377th Judicial District Court of Victoria County, Texas, at the Courthouse of said County in Victoria, Texas.

Said Plaintiff's petition was filed in said Court, on the 16th day of August, 2021 in this case numbered **21-08-87628-D** on the docket of said court, and styled,

RAQUEL RODRIGUEZ
VS.
DOLLAR GENERAL CORP

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Victoria, Texas, this the 16th day of August, 2021.

KIM PLUMMER
District Clerk
Victoria County, Texas

Signed: 8/16/2021 10:52:46 AM

By: *Crystal Vasquez*
Deputy

Rule 106: "--the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Cause #21-08-87628-D                                377th Judicial District Court
RAQUEL RODRIGUEZ VS. DOLLAR GENERAL CORP
**Address for service:** DOLLAR GENERAL CORP, MAY BE SERVED BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock _____.M. and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petitioner's petition, the following times and places, to wit:

| Name | Date | Time | Place, Course and Distance from Courthouse |
|---|---|---|---|
|  |  |  |  |

And not executed as to the defendant(s) _____

the diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

can the information received as to the whereabouts of said defendant(s) being: _____

FEES - - Serving $ _____                    _____, Sheriff
                                                 _____ County, Texas
                                        By: _____ Deputy

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____ (First, Middle, Last), my date of birth is _____, and my address is _____ (Street, City, Zip).

I DECLARE UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 20____.

                                        _____
                                        Declarant/Authorized Process Server

                                        _____
                                        (ID # and Expiration of certification)

Case 6:21-cv-00044 Document 1-1 Filed on 09/14/21 in TXSD Page 4 of 15

Filed 8/16/2021 9:29 AM
Kim Plummer
District Clerk
Victoria County, Texas
By: Rhonda Stone

21-08-87628-D
CAUSE NO. _____

| | | |
|---|---|---|
| **RAQUEL RODRIGUEZ,** *Plaintiff,* | § § § | **IN THE DISTRICT COURT** |
| vs | § § § | _____ **JUDICIAL DISTRCT** |
| **DOLLAR GENERAL CORP.,** *Defendant.* | § § | **VICTORIA COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION,**
**TRCP 193.7 NOTICE OF SELF-AUTHENTICATION,**

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **COMES NOW RAQUEL RODRIGUEZ** (hereinafter referred to by name or as "Plaintiff"), and complains of **DOLLAR GENERAL CORP.** (hereinafter referred to by name or as "Defendant"), and for cause of action would respectfully show unto this Honorable Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1.  Plaintiff intends discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**
**PARTIES**

2.  Plaintiff **RAQUEL RODRIGUEZ** (DL No. xxxxx239, SSN xxx-xx-x423) is an individual residing in Victoria County, Texas.

3.  Defendant **DOLLAR GENERAL CORP.** is a Domestic For-Profit Corporation licensed to do business in the State of Texas and may be served by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620 Austin, Texas 78701-3218.

**III.**

## JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this Court. The Court has jurisdiction over the Parties because Defendant resides and/or does business in the State of Texas. The Court has jurisdiction over Defendant because they purposefully availed themselves of the privileges and benefits of conducting business in Texas and by committing a tort, which is the basis of this suit, and as such, is further described herein, in whole or in part in Texas.

6. Venue is proper in Victoria County in this cause pursuant to §15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Victoria County, Texas.

7. This Court has jurisdiction over the Parties because the amount in controversy is within the jurisdictional limits of this Court.

## IV.
## FACTS

8. On or about July 19, 2020, Plaintiff **RAQUEL RODRIGUEZ** was walking into Defendant **DOLLAR GENERAL CORP.** place of business located at 1914 John Stockbauer Victoria, Texas 77901, when she tripped and fell as a result of a foreign objects and/or slippery wet floor. **DOLLAR GENERAL CORP.** was the registered owner of said real property at the time of the incident. The unreasonably dangerous conditions on Defendant's premises proximately caused Plaintiff's injuries and the need for the medical treatment she subsequently received. The entryway area on Defendant's premises was in the control of and/or operated by Defendant at the time of the incident. Plaintiff sustained bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the incident.

## V.
## CAUSES OF ACTION

### A. NEGLIGENCE

9. The occurrence made the basis of this suit, as described above, and Plaintiff's resulting injuries and damages, were proximately caused by the negligent conduct of Defendant. Defendant was negligent in one or more of the following respects:

   a. Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendant's premises;

   b. Failure to inspect the entryway area and properly maintain it;

   c. Allowing a dangerous condition to exist so Plaintiff would be injured;

   d. Failing to provide for the safety of Plaintiff under the circumstances;

   e. Failing to adequately warn invitees, including Plaintiff, the entryway in question should be approached with caution;

   f. Negligently maintaining the entryway in question in such a way so as to constitute a negligent activity;

   g. Failing to adequately warn invitees, including Plaintiff, there was a dangerous condition which required extra care to be taken while using the entryway;

   h. Failing to maintain the premises and/or entryway in a reasonably safe condition for Plaintiff and other invitees; and

   i. Failing to remove the dangerous condition or adequately warn of its existence.

10. Each of said acts and omissions, singularly and/or in any combination with others, constitutes negligence which proximately caused the dangerous condition and caused Plaintiff's injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future and for the remainder of her natural life.

### B. PREMISES LIABILITY

11. On or about July 19, 2020, Defendant owned, maintained, and or were in possession of the premises located at 1914 John Stockbauer Victoria, Texas 77901, which forms the basis of this suit. Plaintiff was an invitee on the premises because she entered Defendant's premises

Case 6:21-cv-00044   Document 1-1   Filed on 09/14/21 in TXSD   Page 7 of 15

with Defendant's knowledge and for the economic benefit of Defendant. As such, Defendant owed Plaintiff a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. Defendant knew or should have known the entryway where Plaintiff tripped and fell had not been properly maintained and/or inspected by any employee. As such, it created a dangerous condition, posing an unreasonable risk of harm to Plaintiff or others similarly situated. However, Defendant breached their duty of ordinary care to Plaintiff by both failing to adequately warn Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Plaintiff seeks all applicable damages available under Texas law.

12. Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damage.

## C.  *RESPONDEAT SUPERIOR*

13. At all times material hereto, all of the agents, servants, and/or employees of Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of *Respondeat Superior*.

14. Each and all of the foregoing acts and/or omissions of the agents, servants, and/or employees for Defendant was negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

## D.  *GROSS NEGLIGENCE*

15. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute

*RAQUEL RODRIGUEZ V. DOLLAR GENERAL CORP*  
*Plaintiff's Original Petition with Requests for Disclosure*                                             *PAGE 4 OF 8*

gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

16. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## PROXIMATE CAUSE

17. Each and every, all and singular, of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitutes a direct and proximate cause of the injuries and damages set forth below.

18. Each of said acts and omissions, singularly and/or in any combination with others, constitutes negligence, which proximately caused the dangerous condition and caused Plaintiff's injuries and other losses as specifically set forth herein, all of which Plaintiff suffered, and which she will continue to suffer in the future, if not for the remainder of her natural life.

## VII.
## DAMAGES

19. As a direct and proximate result of the negligent conduct of Defendant herein, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the incident. The injuries may be permanent in nature. The injuries have had an effect on Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

20. As a further result of all of the above, Plaintiff has incurred expenses for her medical care

and attention in the past and may incur medical expenses in the future to treat her injuries.

21. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

22. Plaintiff asserts the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief in an amount not less than **TWO-HUNDRED FIFTY THOUSAND AND 00/100 ($250,000.00) DOLLARS, BUT NOT MORE THAN ONE MILLION DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VIII.
## INTEREST

23. Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

21. Plaintiff demands a trial by jury. Plaintiff acknowledges payment, this date, of the required jury fee.

## X.
## NOTICE OF SELF AUTHENTICATION

22. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## DESIGNATED E-SERVICE E-MAIL ADDRESS

23. The following is the undersigned attorney's designated E-Service e-mail address for all E-Served documents and notices, filed and unfiled, pursuant to RULES 21(f)(2) and 21(a) of the TEXAS RULES OF CIVIL PROCEDURE: *rhancock@herrmanandherrman.com*. This is the undersigned's only E-Service e-mail address, and service through any other e-mail address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests Defendant be cited to appear and answer, and on final trial hereafter, Plaintiff has judgment against Defendant, jointly and severally, in an amount within the jurisdictional limits of this Court, for Plaintiff's actual damages, statutory damages, attorneys' fees, pre judgment and post judgment interest as allowed by law, costs of Court, and such other and further relief to which Plaintiff may be justly entitled by law and equity, including but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre-judgment interest;
12. Post-judgment interest; and
13. Exemplary damages.

                                        RESPECTFULLY SUBMITTED,

                                        HERRMAN & HERRMAN, PLLC
THE HERRMAN BUILDING
1201 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE: (361) 883-7705
FACSIMILE: (361) 883-7957

BY: _____
      RONALD H. HANCOCK
      TEXAS STATE BAR NO. 08888500
      *Email: rhancock@herrmanandherrman.com*
      ATTORNEY FOR PLAINTIFF

*\* Service by this address only*

CAUSE NO. 21-08-87628-D

| | | |
|---|---|---|
| RAQUEL RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | JUDICIAL DISTRICT |
| | § | |
| DOLLAR GENERAL CORP. | § | VICTORIA COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendant, DOLLAR GENERAL CORPORATION, improperly identified as DOLLAR GENERAL CORP. files this Original Answer to the *Plaintiff's Original Petition* and would respectfully show the Court the following:

## GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all allegations contained in the Plaintiff's pleadings and demands proof of every fact and matter essential to the Plaintiff's case. Further, Defendant DOLLAR GENERAL CORPORATION did not own or occupy the premises or employ individuals who worked at that location and as such DOLLAR GENERAL CORPORATION is not a proper party to this case.

## DEFENSES TO PUNITIVE DAMAGES, ECONOMIC DAMAGES AND AFFIRMATIVE DEFENSES

2. Answering further, without waiving the foregoing, should Plaintiff seek exemplary damages Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded. Further, Defendant asserts the provisions of Chapter 41 that limits recovery of medical expenses to the amount actually paid by or on behalf of the claimant.

1

3.  Answering further, without waiving the foregoing, Defendant asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity to net loss after federal income tax.

4.  Answering further, Defendant asserts that Plaintiff failed to keep a proper look out while entering the store. Such failure amounts to comparative negligence. Further, the condition Plaintiff describes in her petition would be open and obvious, requiring no duty to warn or make safe. Further, the condition was created by persons over who Defendant had no control.

## DENIAL OF CONDITIONS PRECEDENT

5.  Answering further, without waiving the foregoing, should Plaintiff assert that all conditions precedent to recovery have occurred, Defendant denies that all conditions precedent entitling Plaintiff to recovery have occurred. Specifically, Defendant has asserted a general denial and Plaintiff carries the burden of proof on all causes of action and the essential elements of each cause of action.

## RULE 193.7 NOTICE

6.  Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant gives actual notice to Plaintiff that any and all documents produced by Plaintiff in response to written discovery may be used against Plaintiff at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## DEMAND FOR JURY TRIAL

7.  Defendant respectfully demands a jury trial of all issues in this cause. Defendant tenders the fee for district court, as required by Texas Government Code § 51.604.

## PRAYER

Defendant DOLLAR GENERAL CORPORATION prays that the Plaintiff take nothing by reason of this suit and that the Plaintiff be discharged with her costs and that the Defendant be

granted all further relief, both general and special, at law and in equity, to which it may be justly entitled.

                Respectfully submitted,

                **LUCERO | WOLLAM, P.L.L.C.**

                */s/ Erik R. Wollam*

                ERIK R. WOLLAM
                TBN: 00788705
                159 Flat Rock
                Wimberley, Texas 78676
                Telephone: (512) 485-3500
                Facsimile: (512) 485-3501
                Email: ewollam@lucerowollam.com
                **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2021 a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Rule 21a T.R.C.P.

                */s/ Erik R. Wollam*
                ERIK R. WOLLAM

9/14/2021 Case 6:21-cv-00044 Document 1-1 Filed on 09/14/21 in TXSD Page 15 of 15

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back          Location : All Victoria County Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 21-08-87628-D

| Raquel Rodriguez vs. Dollar General Corp | § § § § § | Case Type: Other Injury Or Damages<br>Date Filed: 08/16/2021<br>Location: 377th Judicial District Court |
|---|---|---|

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| Defendant | **Dollar General Corp**<br>Registered Agent Corporation Service Company<br>d/b/a CSC Lawyers Incorporating Service company<br>211 East 7th Street Suite 620<br>Austin, TX 78701-3218 |  |
| Plaintiff | **Rodriguez, Raquel**<br>1201 Third St<br>Corpus Christi, TX 78404 | **Ronald H Hancock**<br>*Retained*<br>361-883-7705(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 08/16/2021 | Original Petition (Opens Case) | | |
|---|---|---|---|
| 08/16/2021 | Request<br>*for Service* | | |
| 08/16/2021 | Jury Fee Paid (No Document) | | |
| 08/16/2021 | Citation<br>*Dollar General Corp* | | |
| 08/16/2021 | Citation<br>Dollar General Corp | Served<br>Returned | 08/17/2021<br>08/19/2021 |
| 08/16/2021 | Copy<br>*File Copy Citation Dollar General Corp* | | |
| 08/19/2021 | Return<br>*of Service Dollar General Corp* | | |

---

### FINANCIAL INFORMATION

| **Plaintiff** Rodriguez, Raquel | | |
|---|---|---|
| Total Financial Assessment | | 318.00 |
| Total Payments and Credits | | 318.00 |
| **Balance Due as of 09/14/2021** | | **0.00** |

| 08/16/2021 | Transaction Assessment | | 318.00 |
|---|---|---|---|
| 08/16/2021 | E-File Electronic Payment   Receipt # 09461-dc | Rodriguez, Raquel | (318.00) |